**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. Case No.: 8:13-cr-332-WFJ-TGW

JORGE LUIS SOLAR-CHIMA
_____________________________________/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Jorge Luis Solar-Chima, USM#: 38854-004, moves, *pro se*, for a reduction in sentence. Dkts. 349, 358, 360. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On October 7, 2015, Jorge Luis Solar-Chima was sentenced to 188 months in prison under 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Dkt. 276. Mr. Solar-Chima's total offense level was 35, and his criminal history was category II. Dkt. 341 at 23; Dkt. S-361 at 4. His advisory sentencing range was 188–235 months. *Id*. The Bureau of Prisons reports that he is not in BOP custody as of April 30, 2026, *see* https://www.bop.gov/inmateloc/, which the Federal Defender and the United States Probation Office do not address. *See* Dkt. 366; Dkt. S-361.

In accord with the Middle District of Florida's administrative order, Dkt. 115 in 3:21-mc-1-TJC, implementing Amendment 821, the United States Probation Office must submit a memorandum that states, among other matters: (1) whether a movant is eligible for a sentence reduction under Amendment 821; and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), Mr. Solar-Chima is ineligible for a sentence reduction as neither "Part A nor Part B, subpart 1, of Amendment 821 is applicable to the defendant because the defendant was assessed one or more criminal history points and was not assessed status points." Dkt. S-361 at 1.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order. Dkt. 366. The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Mr. Solar-Chima because he "received 3 criminal history points and did not receive any status points." *Id.* at 3. The Court provided 21 days for any *pro se* filing. Dkt. 368. Defendant did not submit any response in addition to his three *pro se* motions previously filed. *See* Dkts. 349, 358, 360.

In his *pro se* filings, Mr. Solar-Chima argues that he diligently worked in prison to rehabilitate himself through programs, "working in the compound an[d]

attending religious services[,]" Dkt. 358, and has shown an impeccable disciplinary record and exemplary behavior. Dkt. 349 at 49–50. His most recent motion requests application of a mitigating role adjustment under a November 2025 amendment. Dkt. 360.

Even if Defendant were eligible as a zero-point offender and even considering the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 188-month low end guideline sentence. This case involved numerous marine narcotics smuggling ventures involving Defendant and nine co-defendants from 1998 to mid-2013, including four vessels interdicted by the US Coast Guard. S-361 at 12–23. Mr. Solar-Chima was held accountable for 2,257 kilograms of cocaine, which stemmed from three specific ventures. S-361 ¶ 52. To reduce Mr. Solar-Chima's sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See* 18 U.S.C. § 3553(a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence, *see id.* at (a)(2)(B), and deterrence would be impaired by this proposed reduction.[1]

As to the "minor role" adjustment, Dkt. 360, the November 2025 amendment does not apply to Defendant. The Sentencing Guidelines were

[1] Additionally, Defendant is a citizen of Colombia and subject to an ICE detainer. Dkt. S-361 at 8.

amended to expand the "minor-participant reduction under § 3B1.2." *United States v. Martinez*, 172 4th 1306, 1315 (11th Cir. 2026); *see* U.S.S.G. App. C, Amend. 833 (eff. Nov. 1, 2025). Under the new special instruction, an adjustment under § 3B1.2 is "generally warranted if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions" such as a courier, lookout, or distributor of user-level drug quantities. U.S.S.G. § 2D1.1(e)(2)(B). The Eleventh Circuit, however, determined that Amendment 833 is substantive and does not apply retroactively to sentencing. *Martinez*, 172 F.4th at 1316.

Mr. Solar-Chima's *pro se* motions, Dkts. 349, 358, 360, for a reduction in sentence are **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on September 14, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**